| | |
|---|---|
| CONSOLIDATED INSURANCE COMPANY a/s/o Khamsay Sengchanh and Manichanh Sengchanh, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| GAS FIRED PRODUCTS, INC., | ) ) |
| Defendants. | ) |

Civil Action No.: 4:15-cv-03-HSM/SKL

(Jury Trial Demanded)

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Consolidated Insurance Company as subrogee of Khamsay Sengchanh and Manichanh Sengchanh, ("Consolidated"), by and through its undersigned attorneys, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and with the written consent of defendant Gas Fired Products, Inc. ("Gas Fired Products") files this Amended Complaint and would respectfully show the Court the following:

### I. THE PARTIES

1. Plaintiff Consolidated is a corporation duly organized under the laws of the State of Indiana with its principal place of business at 175 Berkeley Street, in Boston, Massachusetts. Consolidated is in the business of writing property and casualty insurance coverage, including fire loss coverage, and is duly licensed and authorized to do business in the State of Tennessee.

2. Plaintiff's subrogor, Khamsay Sengchanh and Manichanh Sengchanh ("Seng") are citizens of the State of Tennessee who at all times hereinafter mentioned, were the owners of a chicken brooding barn located at 510 Grant Road, Shelbyville, Tennessee ("Chicken Barn").

3. At all times relevant hereto, Consolidated provided fire insurance coverage to Seng against losses from certain perils and causing certain damages at their chicken barn, and under which said insurance policy was in full force and effect.

4. Defendant Gas Fired Products, Inc. is a foreign corporation organized and existing under the laws of the State of North Carolina, with a principal place of business at 305 Doggett Street, Charlotte, North Carolina 28203. At all times hereinafter mentioned, Defendant Gas Fired Products was engaged, *inter alia*, in the business of designing, manufacturing and marketing radiant gas brooders/heaters under the trade name "Space-Ray" for use in poultry applications.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states in that the citizenship of plaintiff is completely diverse from the citizenships of the defendant.

6. Venue is appropriate in the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. §1391(a)(2), in that a substantial part of the events and acts and omissions causing the loss which is the subject of this action occurred in Shelbyville, Tennessee which is in the Eastern District of Tennessee.

### III.   THE FACTS

7. In 2012, Seng contracted with Hart's Farm & Builders Supply, Inc. for the construction of their Chicken Barn.

8. As part of the construction of the Chicken Barn, Plaintiff purchased and had installed radiant gas brooders ("heaters") which were designed, manufactured, sold, supplied, and/or distributed by Defendant Gas Fired Products.

9. On or about May 10, 2013, a fire originated in one of the radiant heaters within the chicken barn.  This radiant heater was manufactured and designed by defendant and is identified as a Cumberland Direct Spark Ignition radiant heater, model number LP DSI EZ#5 ("the heater").

10. Upon information and belief, defendant Gas Fired Products manufactured and supplied the heater to GSI Group, LLC, which marketed the heater under its brand name, Cumberland.

11. The fire occurred because the heater's orifice fitting separated from its swivel clamp allowing flame roll-out and ignition of thin wood shaving litter that had collected on the heater.

12. The aforesaid fire spread and caused substantial damage and destruction to the Seng's real property and caused a loss of business, thereby resulting in a loss in excess of $200,000.00.

13. Pursuant to the policy of insurance issued by Consolidated to Seng, Seng made claim to Consolidated for their losses as a result of the fire.

14. As a direct and proximate result of the fire and resultant damages, Consolidated paid to Seng an amount in excess of $200,000.00.  As a result of its payments, Plaintiff

3

Consolidated is subrogated to the rights of Seng to recover damages from third persons, to the extent of the payments made by Consolidated.

15. The fire and the consequent damages resulting therefrom are a direct and proximate result of the strict liability and negligence of Defendant Gas Fired Products.

## **COUNT I – STRICT LIABILITY**

16. Plaintiff realleges Paragraphs 1 through 15 and incorporates the same herein by reference.

17. The fire and resulting damages to Seng's property and business interests was caused by the actions of the Defendant Gas Fired Products in designing, manufacturing, selling or distributing a defective heater which constitutes a defective product which Defendant Gas Fired Products knew or should have known subjected Seng's property to an unreasonable risk of harm.

18. The fire would not have occurred if the heater was properly manufactured and/or designed.

19. As a result of the actions of Defendant Gas Fired Products, for which it is strictly liable, Seng sustained substantial damage and destruction to their property. As a result, the Plaintiff suffered damages in an amount in excess of $200,000.00.

WHEREFORE, Plaintiff requests that this Court:

1. Order a trial by jury on all issues enumerated in this Compliant;

2. Order that the Plaintiff recover from the Defendant damages in an amount in excess of $200,000.00, interest as allowed by law and the cost of this action, including attorney's fees (if applicable); and

3. Order such other and further relief as this Court deems just and proper.

## COUNT II - NEGLIGENCE

20. Plaintiff realleges Paragraphs 1 through 15 and incorporates the same herein by reference.

21. Defendant Gas Fired Products owed a duty to Seng to exercise reasonable care in the design, manufacture, fabrication, production, distribution, inspection and testing of its heaters.

22. Defendant Gas Fired Products, by reason of the conduct of its agents, employees, and representatives, breached its duty by committing one or more of the following negligent acts including, but not limited to, the following:

    a. failing to properly design the heater;

    b. failing to properly manufacture the heater;

    c. supplying and distributing a defectively manufactured heater which it knew or should have known would subject the Seng's property to an unreasonable risk of harm by fire;

    d. failing to adequately and properly supervise, direct and/or inspect the manufacture and design of the heater, which supervision, direction and inspection would have revealed defects in the heater;

    e. selling the heater in a defective condition unreasonably dangerous to Seng;

    f. failing to warn Seng of the aforesaid defective condition of the heater, which it knew or should have known existed and created an unreasonable risk of harm to the property of Seng;

    g. failing to ensure that all component parts of the heater were in a safe, proper and operational order;

    h. failing to properly design and manufacture the heater pursuant to the doctrine of *res ispa loquitor*; and

    i. otherwise fail to use due care.

23. As a direct and proximate result of the foregoing negligence, carelessness and negligent omissions of Defendant, its agents, servants, workmen and/or employees, Plaintiff sustained substantial damage, as hereinbefore averred, in an amount in excess of $200,000.00.

WHEREFORE, Plaintiff requests that this Court:

1. Order a trial by jury on all issues enumerated in this Compliant;

2. Order that the Plaintiff recover from the Defendant damages in an amount in excess of $200,000.00, interest as allowed by law and the cost of this action, including attorney's fees (if applicable); and

3. Order such other and further relief as this Court deems just and proper.

This the 26th day of May, 2015.

Respectfully submitted,

QUICK, WIDIS & NALIBOTSKY, PLLC


s/ Albert S. Nalibotsky
Albert S. Nalibotsky (*Pro Hac Vice*)
2115 Rexford Road, Suite 100
Charlotte, North Carolina 28211
Phone: 704-364-2500
Fax: 704-365-8734
Email: analibotsky@qwnlaw.com


George E. Copple (#6411)
PARKER & CROFFORD
1230 2nd Avenue South
Nashville, TN 37210
Telephone: 615-254-9100

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May, 2015, a copy of the foregoing Amended Complaint was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following participant:

Joseph L. Broy, Esquire
Law Offices of Scott C. Campbell
jbroy@travelers.com

*Counsel for Defendant*


s/ Albert S. Nalibotsky
Albert S. Nalibotsky (*Pro Hac Vice*)